IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYRONE LEON PORTER, # 26263-001                                                      PETITIONER

VS.                                                             CIVIL ACTION NO. 3:17-cv-1000-DPJ-FKB

WARDEN CHRISTOPHER RIVERS[1]                                                       RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition for a writ of habeas corpus filed by Tyrone Leon Porter pursuant to 28 U.S.C. § 2241. The Respondent has filed a response [10] with supporting memorandum [11] in opposition to the petition, and Porter has filed a reply [12]. In sum, Porter seeks to have the time he served on a state charge credited to his federal sentence, thereby shortening his time in federal custody. The novel aspect of this petition is that, at his request, the time Porter served on the state charge was vacated by the state court. Therefore, Porter argues that this time should now be credited toward his federal sentence. *See* 18 U.S.C § 3585. Having considered the filings, the undersigned recommends that the petition be denied.

I.   Background

At the time he filed this petition, Porter was a federal inmate incarcerated at Federal Correctional Complex-Low located at Yazoo City, Mississippi ("FCC Yazoo"). By the Bureau of Prison's ("BOP") calculations, his sentence, including credit for good conduct time, expired on April 29, 2019, approximately sixteen months earlier than the 126-month sentence originally imposed by the sentencing court. [10-1] at 1, 3.

---

[1] According to Respondent's Memorandum [11], on January 22, 2018, Warden Christopher Rivers replaced original respondent Warden Larry Shults as the warden of the Federal Correctional Complex-Low, where Petitioner is incarcerated. Accordingly, Rivers is now the proper respondent.

On July 16, 2007, the United States District Court for the Northern District of Alabama sentenced Porter to a total term of 126 months on the charges of Aiding and Abetting an Armed Bank Robbery, Use and Carrying of Firearm During and in Relation to a Crime of Violence, and Felon in Possession of a Firearm. [10-2] at 8-9. The sentencing order specifies that "[t]he term of imprisonment . . . shall run consecutively to any other term of imprisonment imposed on the defendant. . . ." *Id.* at 9. Although he was sentenced by the Northern District of Alabama in 2007, he did not enter federal custody, and his federal sentence did not commence, until March 16, 2010, after he had finished serving his state sentence on a related state charge of robbery.[2] *Id.* at 2. When he entered federal custody to begin serving his 126-month federal term of imprisonment, the BOP calculated his sentence and awarded him prior credit for eleven days between the time his state sentence concluded on March 5, 2010, and the date he was taken into federal custody, March 16, 2010.[3]

On October 5, 2015, over five years after he had begun serving his federal sentence, and

---

[2] Porter was in state custody for his state robbery conviction from October 24, 2006, to March 4, 2010. *See* [10-2] at 1-2; [10-3] at 2. On March 5, 2010, the state court granted Porter's motion for *nunc pro tunc* designation and amended his state sentence to time served from a sentence of five years, with fifteen years suspended and five years of probation. [10-2] at 2. Thus, Porter was able to begin serving his federal sentence in 2010, several months in advance of the natural expiration of the five-year sentence (with fifteen years suspended) that the state court had imposed on his state court robbery conviction.

[3] *See* 18 U.S.C. § 3585. The statute provides:
(a) Commencement of sentence.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
(b) Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
  (1) as a result of the offense for which the sentence was imposed; or
  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
  that has not been credited against another sentence.

18 U.S.C. § 3585.

2

after his state sentence had expired, Porter filed a motion in his state robbery case requesting that the state court remove all jail credit from his state sentence so that the same credit could be applied toward his federal sentence. [10-3] at 2. The state court denied the motion on October 19, 2015. *Id.* However, on August 31, 2016, the state court entered an amended sentencing order that vacated its March 5, 2010, order that had sentenced Porter to time served. [2] at 9. The August 31 order directed that his original sentence of five years to serve (with fifteen suspended) "run concurrent with and [] begin upon the time when the Defendant was taken into federal custody regarding the parallel federal case." *Id.* The order also provided that Porter "is not awarded any credit for time served prior to the commencement of the federal sentence." *Id.*

On March 7, 2016, Porter filed a letter in the Northern District of Alabama, his federal sentencing court, requesting that the time he previously served on his state sentence be credited to his federal sentence. [10-3] at 1. After consideration of Porter's letter and the August 31 state court order, the Northern District of Alabama denied relief on November 28, 2017. *Id.* at 3. The district court pointed out that the August 31 order was issued after Porter had completed his state term of imprisonment. *Id.* The district court acknowledged that it had no authority to compute his sentence, but it also found "no fault with the BOP's determination regarding Defendant's sentence computation." *Id.*

Porter filed this action on December 7, 2017. In his filings, Porter asks for credit for the time he served in state custody on the related state charge of robbery. Porter argues that the state court's August 31 order reconfigured the time he served in state custody in such a manner that it no longer counted toward his state sentence. Thus, Porter argues, this time should now be credited toward his federal sentence because the time "has not been credited against another

3

sentence." *See* 18 U.S.C. § 3585(b)(2).

    II.        Governing Law and Discussion

        A.  Sentence Credit

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws . . . of the United States. . . ." 28 U.S.C. § 2241(c)(4). By statute, Congress has delegated the authority for sentence computation to the Bureau of Prisons and the Attorney General. *See* 18 U.S.C. § 3585.

> The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. . . . A defendant is to be given credit toward his term of federal imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence."

*Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003)(citations omitted)(denying petitioner's request to enforce state court order requiring state sentence to run concurrently with federal sentence.).

Although Porter argues that his state court sentence "has not been credited against another sentence," relief cannot be granted based on Porter's skewed interpretation of the statute. As an initial matter, Porter's time spent in state custody has already been "credited against another sentence." More importantly, Porter's attempt to use the state court's decision retroactively wiping the slate clean on his state sentence runs afoul of the division of powers between the federal government and the states. "[A] determination as to concurrence of sentence made by one sovereign does not bind the other." *Jake v. Herschberger*, 173 F.3d 1059, 1065 (7th Cir. 1999). The Fifth Circuit has also recognized this principle. *See Leal*, 341 F.3d at 429-430 (finding that a state court order for concurrent sentencing that post-dated the federal conviction

4

was not binding on the federal court); *see also Hawley v. United States*, 898 F.2d 1513, 1514 (11th Cir. 1990)("Because of the division of powers between the federal government and the states under the dual sovereignty principle of our form of government, a defendant may not, by agreement with state authorities, compel the federal government to impose a sentence that is concurrent with an existing state sentence."); *Scott v. Daniels*, 2016 WL 3101971 (E.D. Tex. Apr. 25, 2016)("[E]ven if the state court intended that the state and federal sentences run concurrently, this determination is not binding on the federal government.")(citing *Leal* and *Jake*). Put more simply, "no comment or order by a state judge can control the service of a federal sentence." *Lionel v. Day*, 430 F. Supp 384 (W.D. Okla. 1976). Because the "Constitution affords no right to have state and federal sentences run concurrently," this argument does not provide the basis for habeas relief. *United States v. Melbert*, 2012 WL 3255126 (W.D. La. May 30, 2012)(citing *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983)).

Even if the Court broadly construes Porter's petition as a request for *nunc pro tunc* designation, he is not entitled to relief. Porter's federal sentencing court specifically ordered that his federal sentence on three counts run consecutively to his state court sentence. *See* [10-2] at 9 ("The term of imprisonment imposed on Count Two shall run consecutively to any other term of imprisonment imposed on the defendant, including the sentences imposed on Counts One and Three."); *see also Wooderts v. Warden*, 204 Fed. App'x 390 (5th Cir. Oct. 30, 2006)("Given the district court's clarification that [petitioner's] sentence was to be served consecutively to any state sentence, the BOP did not abuse its discretion in declining to grant [petitioner's] request" for *nunc pro tunc* designation.).

B. Mootness

5

Alternatively, taking judicial notice of the Bureau of Prisons website,[4] which reflects that Porter was released on April 30, 2019, and noting that he has not provided this Court with a current address, the undersigned recommends that Porter's § 2241 petition be dismissed for lack of a case or controversy.[5] *See, e.g.*, Fed. R. Evid. 201 (stating that judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Denius v. Dunlap,* 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because fact of record keeping is not subject to reasonable dispute and accuracy could not reasonably be questioned.)

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). A case becomes moot "when the issues presented are no longer alive or the parties lack a legally cognizable interest in the outcome." *Valentine v.*

---

[4]*See* https://www.bop.gov/inmateloc/.

[5]Inasmuch as Porter has not maintained a current address with the Court, it would be a futile gesture to provide him an opportunity to advise the Court as to the existence of any collateral consequences. However, he could still show such consequences by timely objection.

*Pearson*, No. 5:10cv160, 2011 WL 268716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-397 (1980)).

For the courts to exercise jurisdiction over a habeas petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition and that his subsequent release has not rendered the petition moot. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). Such a petitioner presents an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration." *Spencer*, 523 U.S. at 7.

Since his release from prison, Porter has not contacted the Court or provided the Court with a free world address. The Court is, therefore, unable to contact him or order him to show cause as to why his petition should not be dismissed as moot. Nevertheless, Porter has not shown any "concrete and continuing injury" that is required to avoid dismissal of this case as moot.

Further, because Porter has not submitted a current address to this Court, his petition is also subject to dismissal without prejudice for want of prosecution. *See McCullough v. Lynaugh*, 824 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, district court possesses inherent authority to dismiss action for failure to prosecute or for failure to comply with court order) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630-31 (1962)). Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of

dismissal for failure to prosecute; even incarcerated litigants must inform the court of address changes).

In light of the mootness of Porter's claims, as well as his failure to maintain a current address with the Clerk of the Court, the undersigned, alternatively, recommends that his Petition be dismissed without prejudice.

### III. Conclusion

Accordingly, for these reasons, Porter's § 2241 petition should be denied, and this matter should be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of May, 2019.

           /s/ F. Keith Ball
        UNITED STATES MAGISTRATE JUDGE